IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RONALD L. STEVENSON, | ) Civil No.: 6:14-cv-01105-JE |
| | ) |
| Plaintiff, | ) OPINION AND |
| | ) ORDER |
| v. | ) |
| | ) |
| CAROLYN A. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

    Richard F. McGinty
    McGinty & Belcher, PC
    P.O. Box 12806
    Salem, OR 97309

        Attorney for Plaintiff

    Billy J. Williams, Acting U.S. Attorney
    Janice Hebert, Asst. U.S. Attorney
    1000 S.W. 3rd Avenue, Suite 600
    Portland, OR 97204

OPINION AND ORDER – 1

      Gerald Hill
      Special Asst. U.S. Attorney
      Office of the General Counsel
      Social Security Administration
      701 5th Avenue, Suite 2900 M/S 221 A
      Seattle, WA 98104-7075

          Attorneys for Defendants

JELDERKS, Magistrate Judge:

      Plaintiff Ronald Stevenson brings this action pursuant to 42 U.S.C. §405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his applications for Supplemental Security Income (SSI) and Disability Income Benefits (DIB) under the Social Security Act (the Act). Plaintiff seeks an Order remanding the action to the Social Security Administration (the Agency) for further proceedings.

      For the reasons set out below the Commissioner's decision is affirmed.

## Procedural Background

      Plaintiff filed applications for SSI and DIB on March 23, 2011, alleging he had been disabled since May 15, 2008.

      After his claims were denied initially and upon reconsideration, Plaintiff timely requested an administrative hearing.

      On November 14, 2012, a video hearing was held before Administrative Law Judge (ALJ) Glenn Meyers. Plaintiff and Paul Cratchell, a Vocational Expert (VE), testified at the hearing. Plaintiff was represented by counsel.

      In a decision dated December 28, 2012, ALJ Meyers found that Plaintiff was not disabled within the meaning of the Act.

On June 24, 2014, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. In the present action, Plaintiff challenges that decision.

## Background

Plaintiff was born in 1965 and was 47 years old at the time of the ALJ's decision. He attended school through the eighth grade and has past relevant work as a care giver, heavy equipment operator, diesel mechanic and truck driver.

## Disability Analysis

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA). A claimant engaged in such activity is not disabled. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two. 20 C.F.R. § 404.1520(b).

Step Two. The Commissioner determines whether the claimant has one or more severe impairments. A claimant who does not have such an impairment is not disabled. If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 404.1520(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the presumptively disabling impairments listed in the Social Security Administration (SSA)

OPINION AND ORDER – 3

regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1. A claimant who has such an impairment is disabled. If the claimant's impairment does not meet or equal an impairment listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

Step Four. The Commissioner determines whether the claimant is able to perform relevant work he or she has done in the past. A claimant who can perform past relevant work is not disabled. If the claimant demonstrates he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds under Step Five. 20 C.F.R. § 404.1520(f).

Step Five. The Commissioner determines whether the claimant is able to do any other work. A claimant who cannot perform other work is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that the claimant can do, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(g)(1).

At Steps One through Four, the burden of proof is on the claimant. Tackett, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. Id.

## Medical Record and Testimony

Like the parties, I will address the medical record and testimony only as they are relevant

to the parties' contentions.

## ALJ's Decision

As an initial matter, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2013.

At the first step of his disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability on May 15, 2008.

At the second step, the ALJ found that Plaintiff had the following severe impairments: obesity, gastroesophageal reflux disease, degenerative disc disease, and degenerative joint disease of the right knee.

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the listings, 20 C.F.R. Part 404, Subpart P, App. 1.

The ALJ next assessed Plaintiff's residual functional capacity (RFC). He found that Plaintiff retained the capacity to perform sedentary work except that he was limited to unskilled, repetitive, routine work; that his right dominant hand and arm may be lifted to the level of shoulder height but not higher; and that he can use his cane in his right hand while walking. In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his alleged symptoms were not entirely credible.

At the fourth step of his disability analysis the ALJ found that Plaintiff was unable to perform any of his past relevant work.

At the fifth step, the ALJ found that Plaintiff retained the functional capacity required to perform jobs that existed in significant numbers in the national economy. Based upon the VE's testimony, the ALJ cited food and beverage order clerk, and charge account clerk as examples of

work Plaintiff could perform. Based upon the conclusion that Plaintiff could perform such work, the ALJ found that Plaintiff was not disabled within the meaning of the Act.

## Standard of Review

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  Claimants bear the initial burden of establishing disability.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  The Commissioner bears the burden of developing the record, DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991), and bears the burden of establishing that a claimant can perform "other work" at Step Five of the disability analysis process.  Tackett, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039.  The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

## Discussion

In his opening brief, Plaintiff brings two assignments of error. Plaintiff contends that the ALJ's RFC determination did not properly account for his obesity and that the ALJ erred in

failing to resolve inconsistencies between the VE's testimony and the Dictionary of Occupational Titles (DOT). Plaintiff did not file a Reply.

I. **ALJ's RFC Analysis**

Plaintiff argues that the ALJ erred by failing to adequately account for Plaintiff's obesity because he did not accommodate Plaintiff's bulk with a provision in the RFC for a "special chair."

At the hearing, Plaintiff testified that he was five feet, seven inches tall and weighed between 425 and 430 pounds. Tr. 46. At the beginning of the hearing he switched chairs and later testified that he has difficulty sitting in standard sized chairs. Tr. 55.[1] Plaintiff argues that this is evidence consistent with the need for an accommodation, which the ALJ failed to address.

I disagree. The ALJ determined that Plaintiff's obesity was a severe impairment and limited Plaintiff to sedentary work, with additional limitations. Tr. 17, 19. The ALJ noted that "[a]lthough claimant's representative argues that the claimant would need a special chair to work . . . there is no evidence in the record consistent with such an argument or assertion." Tr. 25. The ALJ thus acknowledged but rejected Plaintiff's allegation that he required such an accommodation.

Plaintiff cites, and I have found, no objective evidence in the record to substantiate his argument that he required a special chair as an accommodation. The ALJ found Plaintiff's testimony regarding the limiting effects of his symptoms to be less than fully credible and Plaintiff, here, does not challenge that finding. Under these circumstances, the ALJ adequately accounted for those limitations which he found supported by the record. See, e.g., Stubbs–Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir.2008)(limitations included in an RFC

---

[1] Plaintiff argues that the ALJ did not find this testimony was not credible. However, the ALJ did make an adverse credibility determination which Plaintiff does not challenge here.

adequately reflect a claimant's functional limitations when consistent with the restrictions identified in the medical record). Accordingly, I find no error.

## II. Vocational Expert's Testimony and the DOT

Next, Plaintiff argues that the ALJ erred by not identifying and resolving a conflict between the testimony of the VE and the DOT regarding the reaching requirements of the two jobs identified as "other work" Plaintiff could perform.

The DOT is presumptively authoritative regarding job classifications, but that presumption is rebuttable. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995). Although the occupational evidence provided by a VE should generally be consistent with the occupational information supplied by the DOT, neither the DOT nor the VE evidence automatically "trumps" when there is a conflict. SSR 00–4p, available at 2000 WL 1898704 at *2. As part of the ALJ's duty to fully develop the record, the ALJ must, on the record, ask the VE if the evidence he or she has provided conflicts with the DOT. Id. at *2, *4. When there is an "apparent unresolved conflict" between the VE evidence and the DOT, it is the duty of the ALJ to elicit a reasonable explanation for the conflict before relying on the VE's evidence. Id.; see also Massachi v. Astrue. 486 F.3d 1149, 1153 (9th Cir.2007). Failure to make such an inquiry is procedural error but such error may be harmless if there is no actual conflict between the VE's testimony and the DOT, "or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts." Massachi, 486 F.3d at 1154 n .19.

The hypothetical the ALJ presented to the VE described an individual who, along with other limitations, could lift his right arm up to shoulder level but not above shoulder level. Tr. 61. The RFC ultimately assessed by the ALJ also included this limitation. Tr. 19. In response to the ALJ's hypothetical, the VE identified food and beverage order clerk (DOT 209.567-014) and

charge account clerk (DOT 205.367-014) as jobs representative of the type of work that such an individual could perform. These two occupations, according to the DOT, require frequent "reaching." The <u>Selected Characteristics of Occupations</u>, a companion to the DOT, defines "reaching" to mean "extending hand(s) and arm(s) *in any direction.*" <u>Selected Characteristics of Occupations</u>, app. C (1993) (emphasis added); <u>see</u> <u>also</u> SSR 85–15, <u>available at</u> 1985 WL 56857, at *7 (defining "reaching" as "extending the hands and arms in any direction").

      Plaintiff argues that the DOT's lack of specificity creates a conflict with the VE's testimony that Plaintiff would be able to perform the two jobs he identified. According to Plaintiff, because he cannot reach overhead with his dominant hand and arm, the ALJ could not rely on the VE's testimony that he can perform jobs requiring frequent reaching.

      The DOT does not address the use of a person's dominant hand or arm or distinguish between bilateral and unilateral reaching. Nor do the DOT descriptions of the two occupations identified by the VE mention overhead work.

      The question here, therefore, is whether there is a conflict between a limitation on reaching overhead with one hand and a DOT requirement for reaching generally. The Ninth Circuit has not ruled on this issue. However, of my colleagues in this District who have addressed similar cases, not one has found a conflict. <u>See</u>, <u>e.g.</u> <u>Gonzales v. Colvin</u>, No. 3:12–cv–01068–AA, 2013 WL 3199656, at *4 ((D. Or. June 19, 2013)(Judge Aiken)( "while some courts have held that a limitation on overhead reaching with one arm conflicts with a DOT job description requiring reaching generally, this District has held that no such conflict exists."); <u>Lee v. Astrue</u>, No. 6:12–cv–00084–SI, 2013 WL 1296071, *11 (D. Or. Mar. 28, 2013)(Judge Simon)(where the DOT job description does not specify overhead activities, there is no direct conflict between a VE's testimony based on a RFC limitation of no overhead reaching and the

OPINION AND ORDER – 9

DOT);  Lemear v. Colvin, No. 3:13-cv-01319-AC, 2014 WL 6809751, *2 (D. Or. Dec. 1, 2014)(Order by Judge Hernandez adopting a Findings and Recommendation authored by Magistrate Judge Acosta)(finding no conflict between VE testimony that claimant could perform work with occasional overhead reaching and DOT description requiring frequent reaching); Woods v. Commissioner,  3:14-cv-01761-MA, 2016 WL 223707 (D. Or. January 19, 2016)(Judge Marsh)(same).

I am persuaded by the reasoning expressed in the above cases and, absent contrary Ninth Circuit authority, conclude that, in this case, there is no conflict between Plaintiff's manipulative limitations and the DOT job descriptions. I note again that although the job descriptions for both occupations require frequent reaching, they do not list any overhead activities.

Because there was no conflict between the VE's testimony and the DOT in this case, the ALJ's failure to inquire of the VE whether his testimony was consistent with the DOT was harmless error. Accordingly, I conclude that the ALJ did not err in relying on the VE's testimony and that, given the VE's testimony, substantial evidence supports the ALJ's finding that Plaintiff was not disabled.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED and this action is dismissed with prejudice.

DATED this 25th day of July, 2016.

        /s/ John Jelderks
        John Jelderks
        U.S. Magistrate Judge